IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MACK AUTHER FOREMAN, JR., #200 291, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 2:22-CV-172-WHA-CSC [WO] |
| JIM H. JACKSON, | ) ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, a state inmate, filed a complaint under 42 U.S.C. § 1983. Doc. 1. Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP"), which the Court granted. Docs. 3–4. As discussed below, upon screening under 28 U.S.C. § 1915(e)(2), the complaint should be allowed to proceed in part and dismissed in part.

### COMPLAINT'S ALLEGATIONS

On September 12, 2021, Plaintiff was incarcerated at the Bullock County Correctional Facility ("Bullock"). *See* Doc. 1 at 7–8. That evening, Officer Jackson, the sole Defendant, allegedly asked Plaintiff to sell drugs for him. *See id.* at 8–9. Later, around 9:30 p.m., Officer Jackson approached Plaintiff and "swung on" him, whereupon he and Plaintiff began fighting. *Id.* at 10. Upon the orders of nondefendant Lieutenant Coleman, Plaintiff stopped resisting and allowed himself to be handcuffed. *Id.* at 10–11. While Plaintiff was being transported to the health care unit in handcuffs, Officer Jackson "jump[ed]" Plaintiff and "hit [him] up side [sic] the head." *Id.* at 11.

After Officer Jackson and Plaintiff received medical treatment, Officer Jackson wrote disciplinary reports against Plaintiff for refusing to obey a direct order and assault on an officer. *Id.* at 11–12.

Plaintiff's allegations grow somewhat unclear at this point. Plaintiff alleges that he was in "lockup" at Bullock and that, at some point, he was transferred to Ventress Correctional Facility ("Ventress"). *Id.* at 12. At Ventress, Plaintiff was put in lockup again, though he apparently was housed with the general population first. *See id.* at 13. Then, at some point, Plaintiff received a hearing on Officer Jackson's disciplinary charges. *See id.* at 14. At the hearing, nondefendant "Mrs. Laseter" "waived [Plaintiff's] witnesses" to his altercation with Officer Jackson and found him guilty. *See id.* Plaintiff adds that he did not "get the chance to go to the prison court for [the disciplinary charges at issue]." *See id.*

To support his complaint, Plaintiff cites a set of exhibits, which he attached to his complaint. *Id.* at 14 (citing Doc. 1-1; Doc. 1-2; Doc. 1-3). Exhibits A and B are disciplinary reports against Plaintiff for, respectively, failure to obey a direct order of an Alabama Department of Corrections ("ADOC") employee and assault on a person associated with the ADOC. Doc. 1-1; Doc. 1-2. Plaintiff signed both reports and indicated he desired witnesses at his disciplinary hearing. *Id.*

Exhibit C is the final disciplinary report. Doc. 1-3. It states that a hearing was held on September 28, 2021, at Hearing Officer Laseter's office. *Id.* at 1. It further states that Plaintiff pleaded guilty to the charge of assaulting Officer Jackson and that Plaintiff waived his witnesses. *Id.*; *see also id.* at 2 ("The hearing officer accepts the arresting officer's sworn testimony under oath that [Plaintiff] hit [him] in the facial area. The hearing officer also accepts [Plaintiff's] guilty plea."). The hearing officer found Plaintiff guilty of assault on a person associated with the ADOC

and, as relevant here, recommended 25 days of disciplinary segregation but no loss of good-time credit. *Id.* at 2. The warden approved the recommendation. *Id.*

Liberally construing the complaint, Plaintiff alleges an excessive force claim against Officer Jackson and a due process claim based on Officer's Jackson's allegedly false disciplinary reports and Plaintiff's resulting disciplinary segregation. *See id.* at 15–16. Plaintiff seeks compensatory damages and "such other relief as the Court deems just and equitable." *Id.* at 16–17.

## LEGAL STANDARD UNDER 28 U.S.C. § 1915(e)

Because Plaintiff is proceeding IFP, the Court must screen the complaint under 28 U.S.C. § 1915(e)(2). *Farese v. Scherer*, 342 F.3d 1223, 1228 (11th Cir. 2003) (per curiam).

Under § 1915(e)(2)(B)(ii), the Court must dismiss any IFP action when the prisoner's complaint fails to state a claim on which relief may be granted. The same standards govern dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, under § 1915(e)(2)(B)(ii), the Court must dismiss a complaint that fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the complaint under § 1915(e)(2)(B)(ii), the Court takes the allegations as true and construes them in the most favorable light. *See Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003); *Maps v. Miami Dade State Att'y*, 693 F. App'x 784, 785 (11th Cir. 2017) (per curiam). The court considers "'all documents that are attached to the complaint or incorporated

into it by reference' when 'deciding whether a complaint states a claim upon which relief may be granted.'" *Baptiste v. Doe*, No. 20-14564, 2021 WL 6112976, at *1 (11th Cir. Dec. 27, 2021) (quoting *Gill ex rel. K.C.R. v. Judd*, 941 F.3d 504, 511–12 (11th Cir. 2019)); *see also Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (courts must consider "documents incorporated into the complaint by reference" "when ruling on Rule 12(b)(6) motions to dismiss"). Although courts hold complaints that *pro se* prisoners file to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), courts are not required to "'rewrite an otherwise deficient pleading in order to sustain an action,'" *Rodriguez v. Scott*, 775 F. App'x 599, 602 (11th Cir. 2019) (per curiam) (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014)).

## DISCUSSION

I. **Excessive Force**

To establish a claim for excessive force based on a prison official's use of force, the prisoner must show that the official applied the force maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). Courts consider the following nonexhaustive list of factors to determine whether a prison official's use of force on an inmate is malicious and sadistic: (1) the need for application of force; (2) the relationship between that need and the amount of force used; (3) the threat reasonably perceived by the responsible officials; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the inmate's injury, if any. *Id.* at 7.

Here, Plaintiff alleges that, while he was handcuffed, Officer Jackson "jumped" him and hit him "upside" the head. The allegation that Plaintiff was handcuffed when Officer Jackson allegedly jumped and hit him supports reasonable inferences that Officer Jackson did not need to

apply such force and did not reasonably perceive a threat from Plaintiff when he did so. Therefore, taking Plaintiff's allegations as true and construing them liberally, the first three factors favor Plaintiff. Therefore, because the balance of the factors favors Plaintiff, he has stated a facially plausible excessive force claim for pleading purposes.[1]

## II.   Due Process

Issuance of a false disciplinary report, standing alone, does not violate due process. *See Rodgers v. Singletary*, 142 F.3d 1252, 1252–53 (11th Cir. 1998) (per curiam). Likewise, there is no due process right to be free from disciplinary segregation/confinement based on a false or incorrect disciplinary report. *See id.* Rather, to be entitled to a disciplinary hearing with the procedural due process protections outlined in *Wolff v. McDonnell*, 418 U.S. 539 (1974), the prisoner must satisfy the test in *Sandin v. Conner*, 515 U.S. 472 (1995). *See Jacoby v. Baldwin Cty.*, 835 F.3d 1338, 1346–47 (11th Cir. 2016); *Rodgers*, 142 F.3d at 1253.

Under *Sandin*, the prisoner must show that the confinement (1) "exceed[ed] [his] [criminal] sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force," or (2) "impose[d] [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. at 484 (citation omitted). Prisoners' allegations typically implicate only the second prong of this test. Therefore, if the prisoner has not compared prison life inside and outside segregation, he cannot state a due process claim based on it. *See Jacoby*, 835 F.3d at 1347 ("[C]onvicted inmates have no right to a due process hearing before being punished for disciplinary infractions unless the punishment is demonstrably harsher than the ordinary conditions of prison life."); *Smith v. Reg'l Dir. of Fla. Dep't of Corr.*, 368 F. App'x 9, 13

---

[1] Plaintiff's failure to allege physical injury does not necessarily preclude his excessive force claim. *See Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010) (per curiam) (holding that the "core judicial inquiry" under the Eighth Amendment is "the nature of the force," not "the extent of the injury" (citation omitted)).

(11th Cir. 2010) (per curiam) (affirming dismissal of due process claims when prisoner "alleged that he was improperly segregated, [but] did not allege any facts which could be liberally construed to show that his 15– and 30–day confinements were a major disruption to his environment as compared to placement in the general population"). Generally, prisoners do not have a liberty interest to be free from short stays in confinement not exceeding sixty days. *See Sandin*, 515 U.S. at 486 (thirty days); *Mathews v. Moss*, 506 F. App'x 981, 983 (11th Cir. 2013) (per curiam) (collecting cases) (twenty-four days); *Rodgers*, 142 F.3d at 1252-53 (sixty days).

Here, Plaintiff has not alleged a facially plausible due process claim. Plaintiff has not alleged any facts suggesting that his segregation was substantially harsher than the ordinary conditions of prison life. Furthermore, Exhibit C, which the Court must consider when screening the complaint, states that he received 25 days of disciplinary segregation. Despite their lack of ideal clarity, this statement is consistent with the complaint's allegations. *See* Doc. 1 at 12 ("I did say in lock up for 3[] weeks" . . . ."). Therefore, Plaintiff has not plausibly alleged that he had a liberty interest to be free from his short stay in disciplinary segregation.

Plaintiff alleges that he was not allowed to present witnesses at his disciplinary hearing. However, Exhibit C, which the complaint incorporates by reference, contradicts this allegation. In any event, Plaintiff has not plausibly alleged that he had a liberty interest to be free from his short stay in disciplinary segregation. Consequently, he has not adequately alleged a due process right to a disciplinary hearing with the procedural protections set forth in *Wolff*.

Plaintiff also alleges that the allegedly false disciplinary report and finding of guilty caused him to be transferred to a harsher prison. *See* Doc. 1 at 14. However, "[i]nmates [] have no protected liberty interest in a particular custody classification." *Moss*, 506 F. App'x at 983 (citations omitted). Thus, this allegation is unavailing.

In short, Plaintiff has failed to allege a viable due process claim.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. This case be ALLOWED TO PROCEED on Plaintiff's excessive force claim.

2. Plaintiff's due process claim be DISMISSED without prejudice but without leave to amend.

It is

ORDERED that **on or before July 8, 2022**, Plaintiff may file an objection to this Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 24th day of June, 2022.

    /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE